IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **Derrick Anthony Miles,** ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 1:11cv183 (TSE/TCB) |
| ) | |
| **Harold W. Clarke,** ) | |
| Respondent. ) | |

MEMORANDUM OPINION

Derrick Anthony Miles, a Virginia inmate proceeding pro se, has filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction in the Circuit Court for the City of Newport News, Virginia. On August 8, 2011, respondent filed a Rule 5 Answer accompanied by a Motion to Dismiss and supporting brief along with numerous exhibits. Petitioner was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he has filed no reply. Accordingly, this matter is now ripe for disposition. For the reasons that follow, respondent's Motion to Dismiss must be granted, and the petition must be dismissed.

I. Background

Petitioner is incarcerated pursuant to a final judgment of the Circuit Court for the City of Newport News, Virginia, entered on November 17, 2008. Commonwealth v. Miles, Nos. CR07-061753 – CR07-61756. Following a bench trial, petitioner was convicted of aggravated malicious wounding, attempted robbery, and two counts of using a firearm in the commission of a felony. Id. The trial court sentenced petitioner to a total of thirty-eight years in prison, with twenty years suspended. Id. The per curiam opinion issued by the Court of Appeals of Virginia reveals the following underlying facts:

> [O]n April 26, 2007, Mitchell Lassiter, the victim in this case, was at his girlfriend's house when appellant knocked on the door and opened it. Appellant pointed a gun in Lassiter's face and told him to 'give it up.' Lassiter and appellant struggled with the gun. There was 'another person' with appellant. Appellant instructed that person to shoot at Lassiter. In accord with appellant's instructions, the other person shot Lassiter three times, while Lassiter continued to struggle with appellant over appellant's gun. Lassiter was shot in his right arm, his hip, and his leg. After Lassiter was shot in the leg, appellant grabbed the gun and fled the scene. Lassiter called 911 for help and was transported to the hospital. A day after the incident, the police showed Lassiter a photographic lineup, from which he identified appellant.
>
> At the trial, Lassiter testified that he was inside his girlfriend's house and appellant knocked on the door. He further maintained that appellant was the one who pointed the gun in his face, told him to 'give it up,' struggled with him over the gun, and told the accomplice to shoot Lassiter.
>
> On cross-examination, Lassiter acknowledged that he gave a different account of the shooting at the preliminary hearing, testifying that '[he] was walking by [his] girlfriend's house and took two steps in and [appellant] walked in behind [him].' In addition, Lassiter acknowledged that he could not give clear details about the accomplice with appellant.
>
> Jasmine Boone, Lassiter's girlfriend, testified that after the shooting, she found a black hat in her house. The hat did not belong to her or Lassiter. Boone gave the hat to the police, who arranged for a DNA comparison of the DNA found on the hat with appellant's DNA.
>
> The forensic scientist testified that there was a mixture of DNA on the hat and that appellant could not be eliminated as a contributor to the mixture.
>
> At the conclusion of the evidence, appellant made a motion to strike, which the trial court denied. The trial court found appellant guilty as charged.

Petitioner appealed his conviction to the Court of Appeals of Virginia, arguing that the

trial court erred in denying his motion to strike and the evidence was insufficient to prove he was the perpetrator of the crimes because Lassiter's identification was unreliable and because Lassiter's testimony at trial differed from his testimony at the preliminary hearing. The Court of Appeals denied the petition on May 27, 2009. R. No. 2723-08-1. Petitioner's request for a rehearing was denied on September 2, 2009. Id. Petitioner sought further review on the same grounds in the Supreme Court of Virginia, which refused the petition on February 11, 2010. R. No. 091834.

Petitioner did not file a state habeas petition. On February 9, 2011, petitioner filed the instant federal habeas petition, raising the following four claims:[1]

> (1) The trial court erred in denying petitioner's motion to strike as there was reasonable doubt as to whether the petitioner was the perpetrator of the crime.
>
> (2) The petitioner's due process rights under the Virginia Constitution and the Fourteenth Amendment of the United States Constitution were violated.
>
> (3) The Commonwealth failed timely to provide the petitioner with "the required formal twenty-one (21) day notice" that the Commonwealth intended to introduce DNA evidence at trial, in violation of Va. Code § 19.2-270.5.
>
> (4) The trial court violated the petitioner's right to due process by sentencing him above the "high end" of the state sentencing guidelines.

Am. Fed Pet. at 6-11; ECF No. 4.

---

[1] A pleading submitted by an unrepresented prisoner is deemed filed when the prisoner delivers the pleading to prison officials for mailing. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988). Here, petitioner certified that he placed the petition in the prison mailing system on February 9, 2011. Fed. Pet; ECF No. 1.

## II. Exhaustion and Procedural Bar

A.  Claims (3) and (4)

In reviewing a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254, a federal court must first determine whether the petitioner has exhausted his claims before the appropriate state courts and whether those claims are barred by a procedural default. As a general rule, a federal petitioner must first exhaust his claims in state court because exhaustion is a matter of comity to the state courts; failure to exhaust a claim requires its dismissal by the federal court. See 28 U.S.C. § 2254(b); Granberry v. Greer, 481 U.S. 129, 134 (1987); Rose v. Lundy, 455 U.S. 509, 515-19 (1982). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, in Virginia, a § 2254 petitioner must first have presented the same factual and legal claims to the Supreme Court of Virginia either by way of a direct appeal, a state habeas corpus petition, or an appeal from a circuit court's denial of a state habeas petition. Matthews v. Evatt, 105 F.3d 907, 910-11 (4th Cir. 1997) (quoting Picard v. Connor, 404 U.S. 270, 275-78 (1971) for the proposition that for a claim to be exhausted, "both the operative facts and the 'controlling legal principles' must be presented to the state court."); see Pruett v. Thompson, 771 F.Supp. 1428, 1436 (E.D.Va. 1991), aff'd 996 F.2d 1560 (4th Cir. 1993) (exhaustion requirement is satisfied when "allegations advanced in federal court ... [are] the same as those advanced at least once to the highest state court.").

In this case, petitioner did not present claims (3) and (4) to the Supreme Court of Virginia because he did not raise them on direct appeal and he did not file a state habeas petition. Nonetheless, these claims are deemed exhausted for purposes of federal review because a "claim

that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000) (citing Gray v. Netherland, 518 U.S. 152, 161 (1996)). Importantly, however, if "the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence," this will "prevent[] federal habeas review of the defaulted claim." Id. (quoting Gray, 518 U.S. at 162).

If petitioner now attempted to bring these claims in a state habeas petition they would be barred under Va. Code § 8.01-654(A)(2), which requires a state habeas petition to be filed be "within two years from the date of final judgment in the trial court or within one year from . . . final disposition of the direct appeal in the state court . . . whichever is later." Here, plaintiff's conviction became final on November 17, 2008 and the final disposition of his direct appeal occurred on February 11, 2010. Therefore, a state habeas petition would be deemed untimely under § 8.01-654(A)(2).

The Fourth Circuit has held that the procedural default rules set forth in § 8.01-654(A)(2) constitutes an adequate and independent state-law ground for decision. See Weeks v. Angelone, 176 F.3d 249, 273 (4th Cir. 1999). Therefore, these claims are barred from federal habeas review unless petitioner demonstrates cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris v. Reed, 489 U.S. 255, 260 (1989). In this case, petitioner filed no response to the Motion to Dismiss. Therefore, claims (3) and (4) must be dismissed as simultaneously exhausted and defaulted.

### III. Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition,

a federal court may not grant the petition based on the claim unless the state court's adjudication is contrary to, or an unreasonable application of, clearly established federal law, or is based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination runs afoul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one. Id. at 410. Under this standard, "[t]he focus of federal court review is now on the state court decision that previously addressed the claims rather than the petitioner's free-standing claims themselves." McLee v. Angelone, 967 F.Supp. 152, 156 (E.D. Va. 1997), appeal dismissed, 139 F.3d 891 (4th Cir. 1998) (table).

**V. Analysis**

A.   Claims (1)( and (2):

In claim (1) petitioner argues that the trial court erred in denying his motion to strike because there was reasonable doubt as to whether he was the perpetrator of the crimes. In claim (2), petitioner alleges that his due process rights were violated, but he does not elaborate on the circumstances giving rise to this alleged violation. Rather, in support of claim (2) petitioner merely states "see ground one." Construing the petition liberally, as is appropriate with pro se

litigants, it appears that the petitioner is arguing that his due process rights were violated when the trial court denied his motion to strike because the evidence was insufficient to support his conviction. Therefore, even though petitioner did not independently present claim (2) on direct appeal, it will be considered exhausted for purposes of federal habeas review because it is encompassed by claim (1).

When petitioner raised these claims on direct appeal, the Virginia Court of Appeals found them without merit, explaining:[2]

> [A]ppellant argues that Lassiter's identification testimony was insufficient to support the conviction. Although the admissibility of the identifications is not challenged, the reliability factors enunciated in Neil v. Biggers, 409 U.S. 188 (1972), are significant circumstances that may be considered, along with the other evidence, in determining the sufficiency of the evidence. See Smallwood v. Commonwealth, 14 Va. App. 527, 530, 418 S.E.2d 567, 568 (1992). The factors for determining the reliability of identification testimony include
>
>> The opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation. Biggers, 409 U.S. at 199-200.
>
> Here, despite some inconsistent statements in the preliminary hearing and trial, Lassiter never wavered from his assertion that appellant was the one who pointed the gun in his face and struggled with him. Lassiter identified the appellant in the photographic lineup, which contained pictures of six different men and occurred the day after the indecent. Lassiter also identified appellant at the preliminary hearing and the trial as the perpetrator of the crime. Lassiter's identification was not unreliable.

---

[2] The decision by the Virginia Court of Appeals was the last reasoned state court decision. Therefore, it is imputed to the Supreme Court of Virginia, which refused the petition for further appeal without explanation. See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).

R. No. 2723-08-1.

As to petitioner's challenge to the Lassiter's credibility, the Court of Appeals stated:

> 'The credibility of the witness and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandavola v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995).
>
> Here, the trial court acknowledged that witnesses sometimes forget all of the details surrounding the incident and their recollection can vary over time. The trial court, nevertheless, found Lassiter's testimony to be credible. Relying upon Lassiter's testimony, coupled with the corroborating evidence suggesting a DNA match between appellant and the DNA found on a hat located at the scene of the incident, the trial court found appellant guilty. Under these circumstances, we cannot say the trial court erred.
>
> Thus, the evidence was sufficient for the trial court to find beyond a reasonable doubt that appellant was guilty of [the crimes charged.]

Id.

On federal habeas review, the standard for a claim challenging the sufficiency of the evidence supporting a state conviction is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis original). The federal court is required to give deference to findings of fact made by the state courts, and this presumption of correctness applies to facts found by both trial and appellate courts. 28 U.S.C. § 2254(d); Sumner v. Mata, 449 U.S. 539, 546-47 (1981); see Wilson v. Greene, 155 F.3d 396, 405-06 (4th Cir. 1998) (citing Wright v. West, 505 U.S. 277, 292 (1992) for the holding that a federal habeas court is prohibited from either "consider[ing] anew the

8

jury's guilt determination or "replac[ing] the state's system of direct appellate review"). Instead, the federal court must determine only whether the trier of fact made a rational decision to convict. Herrera v. Collins, 506 U.S. 390, 402 (1993).

In evaluating the sufficiency of the evidence to support a conviction, it is not the role of a federal court to review the credibility of witnesses. Marshall v. Lonberger, 459 U.S. 422, 434 (1983); United States v. Hobbs, 136 F.3d 384, 391 n.11 (4th Cir. 1998); United States v. Reavis, 48 F.3d 763, 771 (4th Cir. 1995); United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989). Instead, the federal court is bound by credibility determinations made by the state court trier of fact. United States v. Arrington, 719 F.2d 701, 704 (4th Cir. 1983). In this case, petitioner's argument is no more than an invitation to this Court to re-weigh the evidence in a manner more favorable to him, a course of action which plainly is prohibited by the foregoing authorities. Petitioner has failed to satisfy his burden of showing that the rejection of his claims by the Virginia Court of Appeals was either an unreasonable determination of the facts or an unreasonable application of federal law. Williams, 529 U.S. at 412-13. Accordingly, claims (1) and (2) must be dismissed.

## VI. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss must be granted, and this petition must be dismissed with prejudice. An appropriate Order shall issue.

Entered this 3rd day of February 2012.

/s/
T. S. Ellis, III
United States District Judge

Alexandria, Virginia